**Kevin SAUVE, Plaintiff,**

v.

**Al LAMBERTI, in his official capacity as Sheriff of Broward County, Florida (Broward County Sheriff's Office) and; Armor Correctional Health Services, Inc., a Florida corporation, Defendants.**

No. 07–61575–CIV.

United States District Court,
S.D. Florida.

Jan. 28, 2008.

file is possibly relevant, Plaintiff may raise the issue again.

Dion J. Cassata, Cassata & Hanson PL, Greg McNeill Lauer, Gregory M. Lauer, Fort Lauderdale, FL, for Plaintiff.

Richard Thomas Woulfe, Daniel Lee Losey, Billing Cochran Heath Lyles & Mauro, Bunnell Woulfe Kirschbaum Keller McIntyre & Gregoire, Fort Lauderdale, FL, for Defendants.

### *ORDER GRANTING DEFENDANT LAMBERTI'S MOTION TO DISMISS*

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant Al Lamberti's Motion to Dismiss and Motion to Strike [DE–7], filed herein on December 12, 2007. The Court has carefully considered the Motion, this Court's Order to Show Cause as to failure to Respond to Motion to Dismiss and Motion to Strike [DE–9], Plaintiff's Response of January 11, 2008 [DE–12], and is otherwise fully advised in the premises.

Defendant Al Lamberti filed a Motion to Dismiss and Motion to Strike on December 12, 2007. [DE–7]. After the time for filing had passed, with no Response filed, this Court issued an Order on January 3, 2008 [DE–9], directing Plaintiff to respond to the Motion to Dismiss and Motion to Strike or the Motions would be granted. On January

11, 2008, the Plaintiff filed a Response [DE–12], in which Plaintiff indicated that he did not oppose Defendant Lamberti's request to strike Plaintiff's claim for punitive damages. As to the Motion to Dismiss, Plaintiff merely indicated that Defendant's request[1] should be granted for the reasons "explained in the attached Order." Plaintiff merely attached an Order from a separate case in the Southern District of Florida. The Local Rules require that a party opposing a motion to "serve an opposing memorandum of law no later than ten days after service of the motion ... [f]ailure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(C). Attaching an Order from a separate case is not an opposing memorandum of law and accordingly, this Court indicated it was striking Plaintiff's Response and indicated that a Response should be refiled on or before January 22, 2008. The Order indicated that the failure to file a timely response and comply with the rules of this Court may result in the Court granting the Motion. No response has been filed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Defendant Lamberti's Motion to Dismiss Plaintiff's Claim under the Eighth Amendment is hereby **GRANTED;**

2) Defendant Lamberti's Motion to Strike Plaintiff's Claim for Punitive Damages[2] is hereby **GRANTED;**

3) Plaintiff's Claim in Count I against Defendant Lamberti pursuant to 42 U.S.C. § 1983 for violations under the Fourteenth Amendment and the Claim in Count II against Defendant Armor remain.

**DONE AND ORDERED.**

---

1. In the Response, Plaintiff referred to the "Defendant's request to 'dismiss' Mr. *Hardwick's* claims." The Court construes this as a typographical error as the Plaintiff in the instant action is Kevin *Sauve,* whereas the plaintiff in the attached case is a Mr. Hardwick.

2. As indicated above, the Plaintiff had agreed that the motion to dismiss the claim for punitive damages should be granted. [DE–12].